**E-Filed 1/26/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDISK CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STMICROELECTRONICS et al.,<br><br>　　　　　Defendants. | Case Number C 05-05021<br><br>ORDER[1] (1) GRANTING MOTION TO SHORTEN TIME, AND (2) GRANTING MOTION TO STAY PROCEEDINGS<br><br>[Docket Nos. 12 and 15] |

On December 6, 2005, Plaintiff SanDisk Corporation ("SanDisk") filed its complaint in the instant action against Defendants STMicroelectronics ("ST"), a Delaware corporation, STMicroelectronics NV ("ST NV"), a Dutch corporation, and Does I to X, alleging that Defendants are infringing U.S. Patent Number 5,991,517 ("the '517 patent"). On January 10, 2006, SanDisk filed a complaint under Section 337 of the Tariff Act of 1930, as amended, with the United States International Trade Commission ("ITC"). In that complaint, SanDisk alleges that ST and ST NV—identified by SanDisk both as "proposed Respondents" and as

---

[1] This disposition is not designated for publication and may not be cited.

1  "Respondents"—violations of Section 337 with respect to three patents, including the '517
2  patent. Declaration of Russell L. Johnson in Support of Defendant STMicroelectronics, Inc.'s
3  Motion to Stay ¶ 5 and Ex. 1. On January 19, 2006, ST filed a motion to stay proceedings,
4  pursuant to 28 U.S.C. § 1659. On the same date, ST filed a motion to shorten time for
5  determination of its motion to stay proceedings, arguing that determination of the motion should
6  be expedited because, without the stay, Defendants must file an answer by January 30, 2006.
7  SanDisk opposes both motions. The Court has read all moving and responding papers and has
8  considered them without oral argument.

## I. DISCUSSION

The Court will grant ST's motion to shorten time. The motion to stay proceedings has been fully briefed, the Court has considered the arguments of both parties, and the deadline for ST to file an answer is quickly approaching. Thus, it is in the interests of both judicial and litigation efficiency both to grant the motion to shorten time and to decide without further delay the merits of the motion to stay proceedings.

The parties disagree as to whether a stay is appropriate pursuant to 28 U.S.C. § 1659. The statute provides as follows:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—(1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a).

SanDisk argues that a stay pursuant to § 1659 should not be granted because ST is presently identified merely as a "proposed respondent," not as a "respondent." SanDisk also argues that because the ITC will conduct an informal investigation before it determines whether it will institute an investigation, it is not clear that ITC proceedings involving ST will necessarily

2

commence. In response, ST argues that § 1659 requires only that *proceedings* have been instituted, not that an investigation has been instituted, and that the filing of the complaint constitutes the initiation of proceedings. ST argues also that there is no material difference between a "*proposed* respondent" and a "respondent" for the purposes of granting a stay pursuant to § 1659, unless one accepts the argument that the proceeding does not begin until an investigation is instituted.

This Court need not decide when a proceeding begins or whether a proposed respondent is equivalent to a respondent for the purposes of § 1659, because in its discretion it concludes that a stay is appropriate pursuant to its inherent authority to stay proceedings. *See, e.g., Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). SanDisk argues that "a stay would unfairly delay SanDisk's rights in this proceeding." However, SanDisk itself notes that the ITC usually "determine[s] whether the complaint is properly filed and whether an investigation should be instituted within 30 days after the complaint is filed." 19 C.F.R. § 210.10(a)(1). Thus, the parties are likely to know whether an investigation will be instituted by February 9, 2006. At that time, if an investigation is not instituted, either party may move to lift the stay. Moreover, as ST argues, "practically every complaint filed results in the institution of an investigation within the 30-day preinstitution time period." Donald Knox Duvall et al., Unfair Competition and the ITC at 73 (Philip J. McCabe et al. eds., 2005), attached as Exhibit 5 to Supplemental Declaration of Russell L. Johnson in Support of Defendant STMicroelectronics, Inc.'s Motion to Stay. Accordingly, the Court concludes that it is unlikely that any delay would result from granting ST's motion to stay, and, even if an investigation is not instituted, only a relatively short delay is likely to result. In contrast, the time and expense that ST would incur in filing an answer to the complaint if a stay is not granted are not insignificant.

**II. ORDER**

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to shorten time is GRANTED.

IT IS FURTHER ORDERED that, pursuant to the Court's inherent authority, a stay of the instant action is GRANTED.

DATED: January 26, 2006

_____
JEREMY FOGEL
United States District Judge

4

Case No. C 05-05021
ORDER (1) GRANTING MOTION TO SHORTEN TIME, AND (2) GRANTING MOTION TO STAY PROCEEDINGS
(JFLC1)

1  This Order has been served upon the following persons:

2  Julie M. Holloway          jholloway@wsgr.com

3  Russell L. Johnson         rljohnson@sidley.com, sheila.brown@sidley.com

4  Michael A. Ladra           mladra@wsgr.com

5  Matthew Laurence McCarthy  MLMcCarthy@sidley.com, jdizon@sidley.com

6  James C. Yoon              jyoon@wsgr.com, abaranski@wsgr.com; nfurino@wsgr.com

5

Case No. C 05-05021
ORDER (1) GRANTING MOTION TO SHORTEN TIME, AND (2) GRANTING MOTION TO STAY PROCEEDINGS
(JFLC1)